601 A.2d 777

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. BRADLEY HOLUP, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 19, 1991—Decided February 4, 1992.

Before Judges KING, GRUCCIO and BROCHIN.

*Marc J. Rogoff* argued the cause for appellant.

*Brian E. Rumpf* argued the cause for respondent (*Hiering, Hoffman & Gannon,* attorneys).

The opinion of the court was delivered by

GRUCCIO, J.A.D.

On appeal, defendant Bradley Holup contends that his convictions for driving while intoxicated, *N.J.S.A.* 39:4–50; careless driving, *N.J.S.A.* 39:4–97; and an obstructed windshield, *N.J.S.A.* 39:3–74, should be vacated and all charges dismissed because the State failed to respond to his requests for discovery.

Defendant was issued a complaint-summons for the above violations on June 25, 1989. Trial was fixed for July 17, 1989, in the Seaside Heights Municipal Court. Defense counsel was granted an adjournment and a trial date was fixed for September 11, 1989. Apparently, the municipal court clerk did not deliver copies of the various complaints, appearances and discovery demands to the municipal prosecutor. While defense counsel contends that a demand for discovery was filed by him with the municipal court, there remains some confusion as to when and where the prosecutor's copy of the documentation, including the request for discovery, was sent and when it was received. The defense says that in addition to its July 5, 1989 demand for specific discovery, a second request referring to the earlier letter was also sent on September 5, 1989. Defendant's

appendix contains copies of the letters, both of which are addressed to "R. Drake, Clerk, Municipal Court of Seaside Heights," but only the first indicates that a copy was sent to "Ronald Hoffman, Prosecutor."

On September 11, 1989, defense counsel, defendant and their expert witness appeared for trial at approximately 4:00 p.m. Sometime later that evening, the case was called for trial at which time the municipal prosecutor requested a postponement because the breathalyzer operator was unavailable. In the ensuing colloquy, the municipal prosecutor admitted not delivering discovery, claiming that he did not know of the demand until that evening, and, at first, appeared unsure whether the case arose from local or State Police. The municipal prosecutor then offered defense counsel an opportunity to examine the discovery that evening and proceed with trial or adjourn the proceedings to another date. The municipal court judge interposed that he appreciated defense counsel's position but unequivocally stated that the case would not be dismissed for the failure of the municipal prosecutor to provide discovery, and gave defense counsel the option to proceed that evening or to adjourn to another date. Defense counsel filed an interlocutory appeal with the Superior Court, Law Division.

Two days later, on September 13, 1989, the discovery was delivered to defense counsel. The Law Division judge dismissed the interlocutory appeal finding that, under the circumstances, dismissal was not mandated. However, he did permit defense counsel to submit a certification of itemized costs and fees resulting from the municipal prosecutor's failure to provide discovery. The Law Division order provides that the municipal prosecutor should be permitted to be heard on the payment of counsel fees and costs by submitting an affidavit within 30 days or pay $2,873.83. Within the permitted period, the municipal prosecutor responded with a certification. At the subsequent hearing date, the municipal prosecutor contended that he did not receive the discovery request and suggested that such requests should be made to him at his private law

office and not addressed to his attention at the municipal court. He further claimed that the municipal court clerk had not forwarded the requests to him and that *State v. Ford*, 240 *N.J.Super.* 44, 572 *A.*2d 640 (App.Div.1990), holds defense counsel to an obligation to notify the municipal prosecutor personally of any deficiency in discovery and that service on the municipal court clerk was improper because *State v. Prickett*, 240 *N.J.Super.* 139, 572 *A.*2d 1166 (App.Div.1990), bars the municipal court clerk from becoming involved in the preparation of the State's case. The gist of the municipal prosecutor's argument was that the inconvenience directly resulted from defense counsel's own actions and was not a result of prosecutorial abuse.

After oral argument, the Law Division judge vacated the original order assessing costs and fees because the facts did not justify his tentative decision, specifically finding that: (1) the request could have been sent to the municipal prosecutor's private office; (2) defense counsel could have notified the municipal court judge of the deficiency at the calendar call rather than wait; and (3) defense counsel could have communicated the discovery failure to the municipal prosecutor. The case was then remanded to the municipal court for trial. Defendant was convicted there and again on *de novo* appeal to the Law Division.

We find the Law Division judge acted properly by not assessing fees and costs and remanding the case for trial, and affirm his actions. *R.* 2:11–3(e)(2). In affirming the actions of the Law Division judge, we are not unaware of the continued confusion faced by defense counsel in the municipal courts of our State. Despite the best efforts of the Administrative Office of the Courts and the Assignment Judges to bring a modicum of order and uniformity to these courts of limited jurisdiction, they have avoided the success of our State courts. That is not to say that some success has not been achieved. Indeed, some have done much to achieve court modernization,

but the progress has been painfully slow and mostly at the expense of the defense and uniform justice.

In pursuit of uniformity and fairness, with the concurrence of the Administrative Office of the Courts, the Attorney General, who has superintendence over the prosecution of all criminal matters in this State, issued a directive concerning procedures for discovery in cases involving the State Police. That directive was issued subsequent to the decision forming the basis for appeal in this case and was effective November 12, 1990.[1] In sum, it provides that the State Police are to deliver discovery to the municipal prosecutor, who is then responsible for meeting the demands of defense counsel in a given case. It further provides for the placement of a mailbox to be located near each municipal court office into which the police, municipal court administrator (formerly municipal court clerk) or any other person may place mail intended for the municipal prosecutor, who controls access with a padlock. We are convinced that the same procedures should be followed where local police are involved.[2]

We believe that compliance with this directive and its extension to local police will alleviate much of the confusion permeating the discovery practices in the municipal courts. We recommend, to all county prosecutors, immediate implementation of the directive so that they, by virtue of their power as chief law enforcement officers of their counties, will direct the full implementation of the Attorney General's directive and that, in turn,

---

[1] The directive was published in the New Jersey Law Journal on November 15, 1990. At approximately that time, 333 boxes were distributed to the various municipal courts.

[2] In a memorandum to all county prosecutors, the Attorney General commented: "[Y]ou are requested to inform the municipal prosecutors in your county of this change in order that they can be prepared to meet their obligations in a timely fashion. You may also wish to consider implementing similar instructions, as have been given to the State Police, for the municipal and county police agencies in your jurisdiction."

each municipal prosecutor, as subordinates, will forthwith comply.

We do not believe that mail addressed to the municipal prosecutor should necessarily be mailed only to the private office address. To our knowledge, municipal prosecutors are appointed for one-year terms by municipal governing bodies who organize at various times during the year. The standard directory is the *New Jersey Lawyers Diary and Manual,* which is delivered shortly before the beginning of the calendar year and publishes information applicable to the prior year. Thus, any change of the municipal prosecutor early in January is not reflected until the following year's diary. Placing mail addressed to the municipal prosecutor in the mailbox seems a minor task for the municipal court staff and does not involve them in the preparation of the State's case nor does it dilute the municipal prosecutor's responsibility and control over the discovery process in any way. Such arrangements support the practicality of addressing correspondence intended for the municipal prosecutor in care of the municipal court.

By way of clarification of the situation where discovery has not been provided, we would also recommend that defense counsel serve a motion, on the papers, with certification similar to *R.* 1:6-2, upon the municipal prosecutor, filing the original with the municipal court seeking an order limiting time for the production of discovery and upon the municipal prosecutor's failure to do so, dismissal of the action. Such an application and the ensuing order would alert the municipal prosecutor and enforcement authorities to their discovery responsibilities and avoid the inconvenience to litigants and witnesses that occurs with such frequency when all parties appear in court for trial. Another salutary affect of such a practice is to expedite the processing of cases by assuring both sides of the certainty of the trial date and eliminating the unnecessary work, expense and delay resulting from the continuance of a case because the discovery process has not been completed.

In the State's brief counsel infers that the sanction imposed by the Law Division judge would be paid by the municipality. We believe that sanctions imposed pursuant to *R.* 1:10–5 in the form of relief to a litigant, in the municipal court context, will only rarely be paid by the municipality. If the failure is that of the municipal prosecutor, then the burden falls personally upon that officeholder. After all, the municipality relies upon the municipal prosecutor to perform his job properly and with due diligence and should not be charged with paying for his individual failures.

Lastly, we are constrained to comment on the effect of *R.* 7:4–2(e), which permits motions in the municipal courts to be made "orally and informally." As our municipal courts mature and become responsible for the disposition of more complex, more serious in terms of penal consequence and more communally important cases, more formal practices become essential. We understand that much of the subject matter in controversy in the municipal courts is minor and, in such cases, informal practices should continue, but in the more significant cases, a more careful, thorough procedure is warranted. There is a recognizable difference in the analysis of the discovery in a drunk driving case as compared to one involving a stop light violation. The mere fact that the Court Rule allows informality does not give broad license to counsel. Motions and supporting documents assist the municipal court judge in making a fair and considered decision. A motion limiting the time for completion of discovery in this case would have ensured notice to the prosecutor and avoided the waste of time by defendant, the expert witness and defense counsel.

Affirmed.