**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2926-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BIJAL AMIN,

    Defendant-Appellant.

_____

Submitted March 29, 2017 — Decided September 5, 2017

Before Judges Fuentes and Simonelli.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Municipal Appeal No. 42-14.

Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Michael V. Troso, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Robin A. Hamett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On September 22, 2013, defendant Bijal Amin was arrested in the Borough of Stratford and charged with driving while intoxicated (DWI) in a school zone, N.J.S.A. 39:4-50(g)(1), and careless

driving, N.J.S.A. 39:4-97. Following the municipal court's denial of his motion to dismiss the charges or suppress the Alcotest results, defendant entered a conditional guilty plea to an amended charge DWI under N.J.S.A. 39:4-50(a). The municipal court sentenced defendant as a first-time offender to a seven-month driver's license suspension, ordered him to participate in the Intoxicated Driver Resource Center program for a period of twelve hours, and imposed the appropriate fines, costs, and surcharges.

Defendant's appeal to the Law Division was limited to the motion to suppress the results of the Alcotest based on alleged missing repair records and as a discovery sanction. The Law Division judge rejected defendant's arguments, upheld the Alcotest results, and found defendant guilty of DWI.

In this appeal, defendant raises the following contentions:

POINT I: THE COURT ERRED IN NOT GRANTING [DEFENDANT'S MOTION TO DISMISS] BASED ON THE STATE'S FAILURE TO PROVIDE "EXTREMELY MATERIAL" DISCOVERY.

POINT II: THE COURT ERRED IN FAILING TO GRANT [DEFENDANT'S] MOTION TO DISMISS [FOR] THE COURT'S FAILURE TO ENFORCE THE DISCOVERY ORDER.

We reject these contentions, and affirm.

The following facts are pertinent to our review. Defendant's Alcotest results revealed he had a blood alcohol concentration of

2

0.12 percent.  To verify the Alcotest machine on which he was tested was in proper working order, defendant requested a document known as a Breath Testing Instrumentation Service Report (BTISR), which would show whether the CU34 simulator solution unit used with the Alcotest machine had been repaired.  A BTISR is a document generated by the Division of State Police that certifies the results of inspections of specific breath test devices.

On December 12, 2013, Municipal Court Judge John Morelli entered a Holup[1] order that compelled the State to produce "the [BTISR], detailing any problems for placing the machine out of service and returning the machine to Draeger; . . . Draeger 'Return & Repair Form', and the Draeger 'Packing Slip' if in the possession of the State or [the State is] able to obtain."  The order provided that failure to produce this discovery within thirty days "may result in dismissal of this matter."  (Emphasis added).

Defendant moved to dismiss the charges or suppress the Alcotest results based on the State's alleged failure to produce repair records for simulator solution unit DDUK S3-0133, which was the unit used with the Alcotest machine at the time of defendant's

---

[1]  State v. Holup, 253 N.J. Super. 320 (App. Div. 1992).  A Holup order provides a more formal mechanism by which to notice the State of defendant's discovery requests, and practically, advises the State of defendant's reservation of the right to seek dismissal or suppression for non-compliance.

testing (unit 133). Defendant conceded the State produced a BTISR, dated April 10, 2013, which showed unit 133 was placed in service that day (the April 2013 BTISR), but argued he did not receive a BTISR showing when and why the unit was removed from service (the alleged missing April 2013 BTISR).

The municipal prosecutor represented to the municipal court judge that all discovery had been provided and there was no missing April 2013 BTISR. The prosecutor explained that the Stratford Police Department (SPD) had two simulator solution units, unit 133 and unit 163. When one unit was in use, the other unit was sent to Draeger for recertification and then returned to the SPD ready for use. Unit 163 had malfunctioned on April 10, 2013, five months before defendant's Alcotest. New Jersey State Trooper Michael P. Gibson removed unit 163 from service, sent it to Draeger for repair, placed unit 133, which was recertified and fully functional, into service, and issued the April 2013 BTISR certifying that unit 133 was "returned from outside evaluation and placed back in service" and "found to be in proper working order."

The prosecutor also represented that the Alcotest machine on which defendant was tested never left the SPD and the machine was in proper working order at the time of testing. He argued the alleged missing April 2013 BTISR was irrelevant because the Alcotest machine on which defendant was tested was recalibrated

in June 2013, three months before defendant's testing, and found to be operating properly, and there was a valid recertification for unit 133 on the day of defendant's testing. The municipal court judge denied defendant's motion without prejudice and ordered the prosecutor to provide further explanation about the alleged missing April 2013 BTISR.

Defendant later conceded he had received the twelve foundational documents required by Chun.[2] However, he argued he still had not received the alleged missing April 2013 BTISR, and also had not received April 11, 2005 BTISRs removing unit 133 from and returning it to service or a Draeger packing slip. Defendant acknowledged he had received a May 16, 2013 Draeger return packing slip, but argued he had not received BTISRs removing the unit from and returning it to service (the alleged missing May 2013 BTISRs).

The prosecutor represented that the SPD Chief of Police had searched for the above documents and found they did not exist, and the State produced all documents to which it had access. The prosecutor subsequently contacted Trooper Gibson, who advised he searched but found no documents showing that unit 133 was removed from service and repaired on May 16, 2013. The prosecutor argued that the May 16, 2013 Draeger return packing slip did not indicate

---

[2] State v. Chun, 194 N.J. 54, cert. denied, 555 U.S. 825, 129 S. Ct. 158, 172 L. Ed. 2d 41 (2008).

unit 133 was repaired; rather, it showed that Draeger recalibrated and recertified the unit on May 16, 2013 and returned it to the SPD along with the packing slip. The prosecutor also argued that Trooper Gibson's inability to find any repair records for May 16, 2013 proved that unit 133 was not removed from service and repaired on that date.

In a July 17, 2014 oral opinion, the municipal court judge denied defendant's motion. Citing State v. Ford, 240 N.J. Super. 44 (App. Div. 1990), the judge found that the April 11, 2005 documents defendant sought were too remote in time to be relevant. The judge also found there was nothing supporting defendant's continued argument about the missing April 2013 BITSR, and the April 2013 BTISR showed that unit 133 was in proper working order. The judge determined the May 16, 2013 Draeger packing slip did not make clear that unit 133 was removed from service and repaired, and the State sufficiently explained that the alleged missing May 2013 BTISRs did not exist. The judge concluded that the State's alleged failure to produce repair records did not mean the Alcotest machine was not in proper working order at the time of defendant's testing, and the documents the State produced were sufficient to meet its discovery obligation.

Defendant appealed to the Law Division, arguing that the State's failure to produce the April 11, 2005 documents and the

6

alleged missing April 2013 and May 2103 BTISRs constituted a discovery violation under Rule 7:7-7 and a violation of the Holup order.[3]

Following a trial de novo, in a February 2, 2016 written opinion, Judge Daniel A. Bernardin denied defendant's appeal. The judge acknowledged the State's discovery obligation under Rule 7:7-7, but, quoting State v. Robertson, 438 N.J. Super. 47, 66 (App. Div. 2014), found that defendant's right to discovery within the context of a DWI proceeding was "limited to items as to which there is a reasonable basis to believe they will assist the defense." Quoting State v. Maricic, 417 N.J. Super. 280, 284 (App. Div. 2010), the judge found that "allowing a defendant to forage for evidence without a reasonable basis is not an ingredient of either due process or fundamental fairness[.]"

Judge Bernardin then found that under Chun, the State was required to admit three core documents to lay foundational proofs:

> (1) the most recent Calibration Report prior to a defendant's test, including control tests, linearity tests, and the credentials

---

[3] Defendant also argued the State failed to meet its discovery obligation under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Because he did not address this issue in his merits brief, it is deemed waived. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div.), certif. denied, 222 N.J. 17 (2015); Pressler & Verniero, Current N.J. Court Rules, comment 5 on R. 2:6-2 (2017).

of the coordinator who performed the calibration;

(2) the most recent New Standard Solution Report prior to a defendant's test; and

(3) the Certificate of Analysis of the 0.10 Simulator Solution used in a defendant's control tests.

[Chun, supra, 194 N.J. at 154.]

The judge also found that while not required to be admitted at trial, Chun required the State to produce twelve foundational documents:

(1) New Standard Solution Report of the most recent control test solution change, and the credentials of the operator who performed that change;

(2) Certificate of Analysis for the 0.10 percent solution used in that New Solution Report;

(3) Draeger Safety Certificate of Accuracy for the Alcotest CU34 Simulator;

(4) Draeger Safety Certificate of Accuracy for the Alcotest 7110 Temperature Probe;
(5) Draeger Safety Certificate of Accuracy for the Alcotest 7110 Instrument;

(6) Calibration Records, including control tests, linearity tests, and the credentials of the coordinator who performed the calibration;

(7) Certificate of Analysis for the 0.10 percent solution used in the calibration control test;

> (8) Certificate of Analysis for the 0.04,
> 0.08, and 0.16 percent solutions used in the
> calibration linearity test;
>
> (9) New Standard Solution Report, following
> the most recent calibration;
>
> (10) Draeger Safety Certificates of Accuracy
> for the Simulators used in calibration;
>
> (11) Draeger Safety Certificate of Accuracy
> for the Alcotest 7110 Temperature Probe used
> in calibration; and
>
> (12) Draeger Safety Ertco-Hart Calibration
> Report.
>
> [Id. at 153.]

Judge Bernardin noted that under State v. Holland, 422 N.J. Super. 185, 198-99 (App. Div. 2011), once the State produced the foundational documents, the burden shifted to defendant to show why the Alcotest machine was not in proper working order; however, the State must explain any facial irregularity in the foundational documents with which the defendant may make such a showing. The judge found defendant received the twelve foundational documents, and determined there was no evidence suggesting there was any irregularity in those documents that would merit further explanation beyond what the State had provided. Regarding the alleged missing April 2013 and May 2013 BTISRs, the judge found the State sufficiently demonstrated that unit 133 had not undergone any repairs for which a BTISR would have been produced. The judge

accepted the State's explanation that unit 133 was placed into service on April 10, 2013, after unit 163 malfunctioned, and that on May 16, 2013, the unit had undergone recertification for which no BTISR would be generated.

Judge Bernardin found it doubtful that defendant was entitled to repair records for the CU34 simulator unit beyond what the State provided. The judge noted that while <u>Chun</u> specifically required the State to produce repair records for the Alcotest machine, there was no similar requirement for the CU34 simulator unit. To support this finding, the judge quoted the following passage from <u>Chun</u>:

> many of the documents on the Special Master's list of foundational proofs are tests of tests and, therefore, are too attenuated to require that they be admitted as part of the evidence. We include in that category all of the documents relating to the working order of the simulator, the reports of the solutions used during simulation and calibration, the certificate of accuracy of the simulator used to calibrate the device, and the temperature probe documents. Although, as all parties agree, these documents should continue to be produced in discovery, they are not fundamentally a part of demonstrating that the particular device was in good working order.
>
> [<u>Chun</u>, <u>supra</u>, 194 <u>N.J.</u> at 144-45.]

The judge concluded as follows:

> The Court's mention of documents relating to the working order of the simulator, and its inclusion of certain documents pertaining to

the functionality of the CU34 Simulator [Unit] in the enumerated list of "foundational documents" appears to limit the State's obligations during discovery to the Certificates of Accuracy for the simulator; not, as the defendant contends, the repair records for the simulater. See Id. at 153. As such, the documents that the defendant seeks in this case appear to be documents regarding "tests of tests" that the Court in Chun declined to require the State to provide when crafting the discovery obligations mandated in cases involving the Alcotest machine.

Addressing the State's alleged violation of the Holup order, Judge Bernardin found the order did not require dismissal, but rather, dismissal was discretionary and the order did not provide for dismissal if the State was unable to comply. The judge also found there was no indication the repair records defendant sought ever existed, and he was not persuaded by defendant's speculative claim there was a reasonable probability that the State's disclosure of the alleged missing BTISRs would result in a different outcome.

Lastly, Judge Bernardin found no evidence that unit 133 was repaired on April 11, 2005. The judge agreed with the municipal court judge that defendant's request for April 11, 2005 documents was contrary to the holding in Ford. The judge noted that in Ford, we specifically stated with regard to repair histories that "[r]equiring routine production of the entire repair record . . .

or similar documents without appropriate time limitations would be unreasonable."  Ford, supra, 240 N.J. Super. at 51.  The judge concluded as follows:

> In the instant case, the defendant has failed to make any showing that repair records for the CU 34 simulator unit, alleged to have been created nearly ten (10) years before defendant was tested on the breath-testing machine, had any relevance in demonstrating that the breath-testing machine was not in proper working order on the date of the defendant's breath test.  Accordingly, the municipal court's determination that the defendant was not entitled to this information was correct.

In this appeal, defendant reiterates the arguments made to Judge Bernardin.

On appeal from a municipal court to the Law Division, the review is de novo on the record.  R. 3:23-8(a).  The Law Division judge must make independent findings of fact and conclusions of law based upon the evidentiary record of the municipal court and must give due regard to the opportunity of the municipal court judge to assess the witnesses' credibility.  State v. Johnson, 42 N.J. 146, 157 (1964).  On appeal from a Law Division decision, the issue is whether there is sufficient credible evidence present in the record to uphold the findings of the Law Division.  State v. Segars, 172 N.J. 481, 488 (2002).  "We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence."  State v. Barone, 147 N.J. 599, 615 (1997).  However,

we exercise plenary review of legal conclusions that flow from established facts.  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

In addition, we will not disturb a trial court's ruling on discovery matters absent an abuse of discretion.  See State v. Enright, 416 N.J. Super. 391, 404 (App. Div. 2010), certif. denied, 205 N.J. 183 (2011).  "[A]n abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons expressed by Judge Bernardin in his comprehensive and well-written opinion.  However, we add the following brief comment.

Defendant admits receipt of the twelve foundational Chun documents, but seeks additional material that, as Judge Bernardin properly found, did not exist.  Defendant has not provided any

13                                                      A-2926-15T3

persuasive evidence to the contrary. There is nothing in the record that requires reversal. <u>State v. Locurto</u>, 157 <u>N.J.</u> 463, 471 (1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION